Filed 3/15/24  P. v. Cruz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTIAN IVAN CRUZ,<br><br>    Defendant and Appellant. | E081719<br><br>(Super.Ct.No. RIF2103725)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## STATEMENT OF THE CASE

On October 5, 2021, an information charged defendant and appellant Christian Ivan Cruz with lewd and lascivious acts on a child under age 14 by force, violence, duress, menace, and fear of immediate and unlawful bodily injury under Penal Code[1] section 288, subdivision (b)(1) (counts 1, 2), and sexual penetration on a child under age 14 and seven or more years younger than defendant by force, violence, duress, menace, and threat under section 289, subdivision (a) (counts 3, 4).

On August 18, 2022, pursuant to a negotiated plea agreement, defendant pled guilty to counts 1 and 2, in exchange for a sentence of 20 years in prison (10 years for each count), and a dismissal of counts 3 and 4.

At the sentencing hearing on July 12, 2023, defendant filed a motion to withdraw his guilty plea.  The prosecutor waived notice of the motion and argued:

"Your Honor, I believe that—it's my understanding and my recollection that the defendant was properly advised by the Court at the time of the plea.  I will defer to defense counsel.  But based on my experience with defense counsel, I believe that the defendant was also properly advised of the consequences of his plea.  Based on his motion, it appears to be the equivalent of what is commonly called buyer's remorse.

"In this particular case, defense counsel and I went back and forth for quite a few times prior to the plea negotiating the actual amount of time.  And the agreed-upon

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

amount of time was for two counts of 288, subsection (b), which would equate to 20 years.

"I did have [a] conversation with defense counsel that if there was not a plea, we had—I had the intention o[f] amending the Information to conform to the proof at the preliminary hearing, which would have added additional counts amounting to approximately 70 years to life.

"So that was all in contemplation.  I believe that the conversations between the defense counsel and I were thorough, and when we agreed upon a final disposition at the time of the plea, if my memory serves me correctly there did not appear to be any hesitation on behalf of the defendant."

Defense counsel submitted.  The trial court then stated:

"I have reviewed the following things:  I have read the motion.  I have also reviewed the Court's own records in this case.  First I looked at the minutes of the August 18, 2022, entry of plea, which occurred at the trial readiness conference.  In order to be— I wanted to be informed as to whether or not a Spanish language interpreter was provided for the defendant on that date, and that is in fact true, which is consistent with the felony plea form.  And when I look at the plea form, I do see that the plea form has been executed by the district attorney, the defendant, [defense counsel], and the Spanish interpreter who is listed within the minutes.

"The minutes do reflect the judge made a finding that the defendant had knowing, intelligently, freely, and voluntarily waived his rights and he entered his pleas.  The nature of the declaration does not indicate ignorance.  In fact, it indicates an awareness of

3

what he was facing and essentially says that he was coerced into it by the danger of going forward with the trial.

"What I mean by that is he was aware that he could be facing life in prison, and he took a disposition that resulted in 20 years, a determinative sentence. There is even a handwritten portion of the declaration that says: My attorney told me that it was the best for me to sign this plea agreement, that I did not go to trial; I would be given 70 years.

"Given all of the things that are articulated here, there is not an expression of ignorance of the possible consequences. There is only what [the prosecutor] has properly referred to as essentially buyer's remorse.

"He does articulate that he's completely not guilty and he admitted because he was afraid of the potential consequences, but that is not—that is not a good cause to withdraw the plea. So the motion to withdraw based on that is denied at this time."

Thereafter, the trial court sentenced defendant pursuant to the terms of the plea agreement for a total prison term of 20 years and dismissed counts 3 and 4.

On the same day, defendant filed his notice of appeal with a request for a certificate of probable cause. The trial court granted defendant's request two days later, July 14, 2023.

## STATEMENT OF FACTS

At the change-of-plea hearing on August 18, 2022, the trial court asked for the factual basis of the guilty plea. The following ensued:

"[PROSECUTOR]: [Defendant], as to Count 1, the violation of Penal Code section 288(b)(6), [Count 1] one as a felony, do you admit that you in fact willfully and

4

unlawfully and lewdly committed a lewd and lascivious act upon the body and certain body parts of who is known as Jane Doe, with the initials of M. as in "Mary," C., a child . . . under the age of 14 years old, by use of force, violence, duress, menace, and fear of immediate and unlawful bodily injury with the intent of arousing, appealing to, gratifying the lust, passions, and sexual desires of yourself and that child, on or about June 1st of 2021 in the county of . . . county of Riverside?

"THE DEFENDANT:  Yes.

"[PROSECUTOR]:  Thank you.  And as to Count 2, for the same violation, Penal Code section 288(b)(1) as a felony, do you admit that you committed the same act, on August 27th of 2001 [*sic*], against the victim Jane Doe with the initials of M.C., who is a child under the age of 14 years, by use of force, violence, duress, menace and fear, of immediate and unlawful bodily injury with the intent of arousing appealing to, and gratifying the lust, passions, and sexual desires of yourself and that child?

"THE DEFENDANT:  Yes.

"THE COURT:  Court finds a factual basis for the two counts."

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record.  Pursuant to *Anders*, counsel identified the following issue to assist the court in its search of the record for

5

error:  "Whether the trial court abused its discretion when it denied [defendant]'s motion to withdraw his guilty plea."

After defense counsel filed a brief under *Wende*, *supra*, we offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error.  We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Id.* at p. 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
                                                                                    Acting P. J.

We concur:

RAPHAEL
                        J.

MENETREZ
                        J.

6